Mr. Stevens, are you with us? Yes, your honor. And Mr. Abrams, are you with us? Yes, I am. Case number 20-2282 from the District of Nebraska, Continental Indemnity Company versus IPFS of New York et al. All right, Mr. Stevens. Good morning. I'm actually in California, so it's very early in the morning. This is a case of first impression in the Eighth Circuit. The primary issue is whether a plaintiff, having failed to raise the issue of pre-judgment interest before or in its summary judgment motion, can then request pre-judgment interest in a Rule 59e motion after entry of the summary judgment. IPFS, the appellee here, claims that Ostrinick v. Ernst & Winnie, a Supreme Court case decided in 1989, controls the decision here. This is wrong for two reasons. First, in Ostrinick, the plaintiff moved orally for pre-judgment interest after a jury verdict in its favor and before judgment was entered. Instead of ruling on it then, the judge ordered that it be presented within 10 days, which it was. Here, IPFS never properly included or moved for pre-judgment interest in their case in chief. It wasn't included in their counterclaims. It wasn't included in their summary judgment motion. And when IPFS belatedly included it in their summary judgment reply brief, the judge denied pre-judgment interest because it was an improper attempt to include a request for relief not made in the original motion. This clarifies the difference between Ostrinick and this case. In Ostrinick, the plaintiff properly moved for pre-judgment interest before entry of judgment. In this case, IPFS did not. Although, second, although Ostrinick does not control the decision here, unlike Ostrinick, the precise issue here has been addressed by the Seventh Circuit, the Federal Circuit, and several district courts, all ruling against the plaintiff. In First State Bank versus Ohio casualty decided in 2009, the Seventh Circuit addressed the pre-judgment interest issue on facts that are fundamentally indistinguishable from the case here. According to the Seventh Circuit, and I will quote now, please, we need only briefly address First State's argument that it was entitled to statutory pre-judgment interest. The bank first requested pre-judgment interest in a motion to alter or amend the judgment under Rule 59E, having failed to raise the issue in its earlier motion for summary judgment. In other words, exactly the facts we have here. An award of pre-judgment interest, the Seventh Circuit went on to say, may be within the scope of Rule 59E, citing Ostrinick, but this rule may not be used by a party to complete presenting his case to the district court. Pre-judgment interest, the Seventh Circuit went on to say, unlike post-judgment interest, normally is considered an element of the judgment itself, that is, relief on the merits. So while we have no quarrel with First State Bank's contention that pre-judgment interest may be a emphasis, and the may emphasis is actually in the text of the Seventh Circuit opinion, the bank should have requested the pre-judgment interest prior to judgment. The district court was entitled to conclude that raising the issue of pre-judgment interest for the first time in a Rule 59E motion after summary judgment was entered was too late. In other words, yes, sir? Do you have a case where a district court granted relief under 59E and was reversed, as opposed to cases saying that there was no abuse of discretion in denying relief under 59E? I have not found such a case, your honor. Okay. Yes. Okay. In addition to the Seventh Circuit, the Federal Circuit Court of Appeals agrees and explained the policy and reasons behind the requirement that pre-judgment interest be claimed before entry of judgment in United States v. Great American Insurance, which is cited in our brief. According to the Federal Circuit Court of Appeals, unlike post-judgment interest, which is collateral to the judgment itself, pre-judgment interest traditionally has been considered a part of the compensation due plaintiff and raises matters encompassed within the merits of the underlying action, same as the Seventh Circuit. Counsel, this is Judge Smith. What's the prejudice to your client for permitting the consideration of this in 59E? The prejudice, your honor, is actually spelled out in the Federal Circuit opinion in United States v. Great American, and that is because pre-judgment interest is a request for relief on the merits, the merits as to that particular request or claim have to be developed during dependency of the case in chief. In other words, the evidence and arguments have to be developed. And a motion made after the entry of judgment does not allow for the full development of the evidence or arguments concerning that particular claim for relief, which both of these cases and indeed the Supreme Court said was on the merits. All right. Well, you were afforded notice. You were afforded the notice. My question is, what evidence was not developed in the record that would have necessarily had to have been developed in the record? And what effort did you make to bring that evidence before the court? The evidence on the pre-judgment interest, it was statutory pre-judgment interest, by the way, under the Nebraska statute. So the evidence that needed to be brought before the court or could have been brought before the court was whether or not the sums were liquidated and there was a dispute about that. That particular dispute never got examined in the case itself because a claim for pre-judgment interest was not made in the complaint or counterclaim or in the motion. So whether or not the damage is liquidated, which is the only reason why, by the way, pre-judgment interest is owed, what needs to be examined through the evidence and the issue of amount because there was a difference in the summary judgment that was granted between two sums of money. One was about $300,000, which the appellant admitted that it owed, and then another $170,000, which the appellant disputed it did not owe. That issue came up through the pre-judgment interest request after the summary judgment had been entered because the judge finally actually entered an award of pre-judgment interest on both those sums rather than just one of them. So those two primary issues are at play or were at play in this particular motion. And, I mean, the law clearly is that claims for relief that are not fully developed in primary briefing are waived as well. So what you've got here is actually a, and that, by the way, is in U.S. versus Great American from the and the right of a defendant to expect that the claims for relief are going to be spelled out and fully examined and fully discovered is essentially the larger issue here. And in this particular case, that wasn't available to be happened because the case was over. No discovery was available. It was over. So whatever the evidence was that my client happened to have was the evidence that was at its disposal to make this argument against the pre-judgment interest. The Federal Circuit decision is, actually goes on to talk about the very issue that we were just discussing. It says that traditionally pre-judgment interest is considered part of the compensation plaintiff and encompassed within the merits. So it's something that needs to be developed in the case in chief. And it involves considerations such as the degree of personal wrongdoing on the part of the defendant, the availability of alternative investment opportunities for the plaintiff, whether the plaintiff delayed in bringing or prosecuting the action, and other fundamental considerations of fairness. And that's a citation to Ostrinek, actually. As the Seventh Circuit held in another setting, because pre-judgment interest is an element of the judgment itself, it generally must be sought before judgment with the support and development needed for other elements of the requested relief. Mr. Stephens, you're citing cases that say that typically judges should not grant it, but you don't cite any cases that indicate they can't, to indicate that Rule 59 is simply an improper vehicle, may not be, rather than, or is an unavailable vehicle as opposed to one that perhaps shouldn't be frequently employed. Well, I don't think that it's that vague, Your Honor. These other authorities, which are obviously not Eighth Circuit, but considered the very issue, both of the cases that I'm talking about, U.S. versus Great American, and the first state bank case. But let me ask it this way. Is it your position that the district court lacked the discretion to use Rule 59e to consider pre-judgment interest? Yes, Your Honor. In the circumstances where the pre-judgment interest is not raised before the entry of summary judgment, the district court abuses its discretion by entertaining a Rule 59e motion. Yes, that is our position. Do you have any case that supports that position? Well, yes, I believe we do. I don't see a case, I haven't read one, that specifically says, that the judge cannot exercise his discretion if a claim hasn't been made in the primary case. But that's exactly what... Counsel, the district court specifically noted that it was raised before the entry of judgment. It was... IPS did request pre-judgment interest before entry of judgment in its reply brief in support of summary judgment. It did mention it. Yes, I totally agree with that. And the trial court properly denied the relief, denied pre-judgment interest, because it could not be raised in a reply brief. It was an improper method for raising it. And that didn't mean, by the way, the fact that it was raised in a reply brief and then denied is another reason why, from a policy and equitable point of view, it shouldn't be allowed to then be included in a 59e. Because if it had been included in the summary judgment, there would have been an argument, there was a possibility of making an argument that it wasn't available in this case for a variety of factual disputes. In other words, there's some issue of fact that would prevent summary judgment on that particular issue. We never got that chance because it was only raised in a reply. And that's exactly what the same circumstance is when the plaintiff then tries to raise it in a Rule 59e motion without ever having raised it in the case in chief. Mr. Stevens, you got a couple of minutes left on your time you can reserve or you can continue. I will reserve, Your Honor. All right. Thank you, Mr. Stevens. Thank you. Mr. Abrams. Good morning. Thank you. May it please the Court. I represent the APLEs, the IPFS corporations. Appellant is asking this Court to do something that no other Court has done, no other Appellate Court has done. That is to hold that a district court abused its discretion by awarding pre-judgment interest through a Rule 59e motion. And appellants are asking this Court to rule contrary to settled U.S. Supreme Court precedents in Ocernet. Broad deference is entrusted to district courts on Rule 59e motions. In fact, the Eighth Circuit has held that it will not reverse a district court on a Rule 59e motion absent a clear abuse of discretion. Appellant appears to advocate for a bright line that would prohibit district courts from considering requests for pre-judgment interest through a Rule 59e motion. And again, that argument conflicts with clear U.S. Supreme Court precedents in Ocernet versus Ernst & Winnie. Appellant attempts to distinguish Ocernet from this case by arguing that Ocernet only applies if the motion for pre-judgment interest was first made prior to the entry of judgment. That argument fails for two main reasons. First, that is not how the Supreme Court itself characterized its decision in Ocernet. The Supreme Court explicitly held that it granted certiorari, quote, to resolve a conflict in the Court of Appeals over whether a motion for pre-judgment interest filed after the entry of judgment constitutes a Rule 59e motion to alter or amend the judgment, end quote. So the Supreme Court itself, the Supreme Court itself described its actions as one in which it was considering a motion for pre-judgment interest filed after the entry of judgment. Well, all they were saying is that it does count as a 59e motion, but where did they say that it must, you know, a district court, well, anyway, go ahead. No, that's okay. Your Honor, my point is, is that in characterizing what occurred in Ocernet, they characterized it as a motion that was brought after the entry of judgment. Obviously, it was brought after the motion, after the judgment, but it was also in that case raised before judgment too. And so factually, they didn't have to address the that the procedural posture in Ocernet is no different than it is here. In Ocernet, there was an oral motion made for pre-judgment interest after the jury verdict. In this case, did the district court in Ocernet deny the motion before judgment as improper, untimely as it did here? Well, Your Honor, they said that they didn't want to consider an oral motion. It's not explicitly clear. What it said was is you should submit a written motion, and that was made after judgment. Your Honor, we would submit that that's no different than what occurred here, is we raised the issue. Once we saw the appellees, I'm sorry, I'm sorry. Once we saw the plaintiff's response to our motion for summary judgment, on reply, it made it clear that there was no, that there was no impediment to issuing pre-judgment interest. We asked for it in reply to a summary judgment. The court said that it wouldn't consider it on a reply, and we filed after the entry of judgment. Procedurally, we don't think that there's any appreciable difference between what occurred in Ocernet and what occurred in this case. And in fact, the Ocernet court did not say, in fact, they say opposite, but the court did not say in Ocernet, no, that the motion must be made prior to the entry of judgment. In fact, they consider that motion made after the entry of judgment, just like we have here. So just in terms of policy, the Ocernet court concluded that a post-judgment motion for discretionary pre-judgment interest involves the kind of reconsideration of matters encompassed within the merits of the judgment to which rule 59E was intended to apply. In other words, all of the factual arguments that need to be developed to be able to determine whether the pre-judgment interest is proper were already developed in the underlying case. The Ocernet court further explained that the Supreme Court has repeatedly stated that pre-judgment interest is an element of the plaintiff's complete compensation, and it does not raise issues wholly collateral to the judgment in the main cause of action, nor does it require an on the merits. Therefore, in deciding how much pre-judgment interest should be granted, the district court examines matters already encompassed within the merits of the underlying action. And consideration of motion for pre-judgment interest under rule 59E does not require an inquiry that is wholly separate from the decision on the merits. And the Supreme Court went on to explain that any evidence relating to the question of pre-judgment interest should be by definition available at the time the other issues in the case are tried, and a district court should be able to dispose of a motion for pre-judgment interest within a reasonable time after entry of a verdict, so as to avoid both delays and piecemeal appellate practice. Appellate sites know, and this goes to the question I believe raised by Judge Erickson, appellate sites know facts, know evidence that they would have raised had the pre-judgment interest question be raised earlier. They had the full opportunity to brief it. At no time did they say we weren't able to develop a factual record, we weren't able to present any evidence. What the district court did was they looked at what was presented to them on motion for summary judgment, and that alone was enough to satisfy the requirements of 59E for pre-judgment interest. The cases cited by appellant today, the Seventh Circuit case, again, that case held, the district court did not abuse its discretion in not awarding pre-judgment interest, however, that was a case where under the facts state that the pre-judgment interest was not raised at all at the summary judgment stage, which is different to our case, although we contend that it didn't need to be raised at summary judgment at all, but in the first bank of Monticello versus Ohio casualty case, it's clear that pre-judgment interest was not raised at all at the summary judgment stage. And likewise, the Federal Circuit case, the Great American Insurance case, again, all the court there was saying is the court had broad discretion, had the ability to conclude that pre-judgment interest was not entitled in that case. As to the second point on appeal, appellant contends that the district court abused its discretion in awarding IPFS pre-judgment interest on the entire $479,000 in unearned premium. Appellant claims that since it's always acknowledged IPFS right to the $300,000, although by the way, still has never paid this undisputed amount, that pre-judgment interest is only calculable on the undisputed amount. Under Nebraska law, claims are considered liquidated when there is no reasonable controversy either to the movement's right to recovery or as to any amount of recovery. However, there is no reasonable controversy to the amount of recovery if the sum is either fixed or ascertainable by a simple computation. Accordingly, an uncomplicated formula for calculating the exact amount on a contract, such as the pro-rata methodology that was used in this case, is ascertainable by a simple computation. Under Nebraska law, the mere contesting of the amount or of the right of recovery does not alone create a reasonable controversy, and that was the decision by the 8th Circuit in the Lincoln Benefit Life case in 2001. In its discretion, the District Court determines the reasonableness of the claim, and Judge Camp in this case ruled in a detailed opinion that Appellant's claim was not reasonable. In fact, the Nebraska Supreme Court has looked at the issue. In the case here of why the Appellant said that it wasn't reasonable, they were claiming that a setoff should apply, and the Nebraska Supreme Court has looked at that precise issue as to whether a claim for setoff creates a reasonable controversy, and that's in the Weeby Construction v. School District of Millard case, Nebraska Supreme Court 1977. In that case, the court ruled that a claim does not become unliquidated just because a payable amount is in doubt. In Weeby, the District Court awarded pre-judgment interest to a construction company, and the School District appealed the decision claiming the amount was unliquidated because it was reasonably contested by the setoff, and in affirming the award, the Nebraska Supreme Court found that an action does not become unliquidated merely because an assertion of an offset, and if the trier fact finds against the opposing party on the offset, pre-judgment interest should be awarded on the entire claim. So this notion that if a claim is somehow contested, that means that it is not liquidated, is not supported under Nebraska law. I'll conclude also with a notion here that there was no prejudice to the appellant in this case. There has been no citation whatsoever of any facts, any argument that could have been, should have been, might have been developed if the motion for pre-judgment interest was brought any sooner. So with that, Your Honor, if there are no other questions, I will cease my argument. Thank you, Mr. Abrams. Mr. Stevens, your rebuttal? Yes. I think that long explanation demonstrates that the Seventh Circuit is right and the Eighth Circuit says that the 59E cannot be used by a party to complete presenting his case to the district court. And since pre-judgment interest is a claim based on the merits of the case, it needs to be raised before the entry of judgment. It is according to, and by the way, if it had been raised before that, discovery would have been possible. And an argument about no facts, there must be some dispute as to some fact, and it wasn't raised. So that was essentially the prejudice that was visited upon the defendant and would be visited on any defendant if in fact pre-judgment interest doesn't have to be raised before the entry of judgment. In the Eighth Circuit, in Ryan versus Ryan, decided in 2018, the court explained that motions under Rule 59 serve the limited function of correcting manifest errors of law or fact, or to present newly discovered evidence, and cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been raised before entry of judgment. In other words, it cannot be used to do that. So you asked earlier if our position was that it is an abuse of discretion to entertain a request that wasn't made earlier in a 50-90 post-judgment motion. Yes, it is an abuse of discretion. And that is because there has to be a limit on the number of contentions essentially that can be made after the entry of judgment, precisely what Ryan and Ryan says Rule 59E means. Thank you. Thank you, Mr. Stephens. Thank you also, Mr. Abrams. The court appreciates the counsel's vigorous argument to us this morning. We will take the case under advisement. Thank you. Thank you. The counsel may be excused. Madam Clerk, would you call case?